Ron Kervin and Hose Headquarters, Inc., sued Southern Guaranty Insurance Company after Southern Guaranty refused to cover damage allegedly sustained by Hose Headquarters. Southern Guaranty is the personal property insurance carrier for Hose Headquarters, which is owned and operated by Kervin.
The trial court entered a summary judgment in favor of Southern Guaranty on claims by Kervin and Hose Headquarters alleging a bad faith failure to investigate and, alternatively, a negligent or wanton investigation. The trial court certified this judgment as final pursuant to Rule 54(b), Ala.R.Civ.P. Kervin and Hose Headquarters appeal. The trial court denied Southern Guaranty's summary judgment motion as to the breach of contract claim filed by Kervin and Hose Headquarters; that claim is pending in the trial court.
A summary judgment is proper and must be affirmed on appeal if the evidence, viewed in a light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Lowe v.East End Memorial Hospital Health Centers, 477 So.2d 339
(Ala. 1985). Once a party moving for a summary judgment makes a prima facie showing that there is no genuine issue of material fact and that the movant is therefore entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. Rule 56; § 12-21-12, Ala. Code 1975; Hanners v. Balfour Guthrie,Inc., 564 So.2d 412 (Ala. 1990). If the nonmovant fails to meet this burden, then a summary judgment must be entered in favor of the movant. Coggin v. Starke Bros. Realty Co., 391 So.2d 111
(Ala. 1980).
The evidence reveals that Kervin rented a small portable storage building from Storage Buildings of Montgomery, a company owned by Jack Burton. The storage building was attached to the main building of Hose Headquarters by a roof, electrical wiring, and telephone wiring. After renting the storage building for approximately a year, Kervin fell behind in his payments on the rental contract, and the contract went into default. Because of Kervin's default, Burton went to Hose Headquarters, while the business was closed, and repossessed the portable building.
Kervin filed a claim with Southern Guaranty for property damage that he said was sustained when Burton repossessed the building. Kervin gave an independent insurance adjuster employed by Southern Guaranty a list of contents of the building and a list of the items of damage he claimed. In the list, Kervin claimed damage to wiring fixtures, light fixtures, telephone equipment, racks, furniture, and a desk, and he claimed "damage to main building" and claimed "clean up costs." Southern Guaranty eventually informed Kervin that his policy provided coverage for wiring fixtures, telephone equipment, and racks that were in the building, but that the damage did not meet Kervin's $500 policy deductible. In his list of claimed items of damage, Kervin had estimated the value of the wiring fixtures at $145, the telephone equipment at $40, and the racks at $255. After Southern Guaranty refused to pay for the alleged damage, Kervin and Hose Headquarters filed this lawsuit.
Kervin and Hose Headquarters first contend that Southern Guaranty failed to obtain independent estimates of their damage and that that failure constituted an intentional failure to determine whether there was a legitimate or arguable reason to refuse to pay their claim; in other words, they claimed a bad faith failure to investigate their claim. See National Sec.Fire Cas. Co. v. Bowen, 417 So.2d 179 (Ala. 1982); Livingstonv. Auto Owners Inc. Co., 582 So.2d 1938 (Ala. 1991); GulfAtlantic Life Ins. Co. v. Barnes, 405 So.2d 916 (Ala. 1981). The primary consideration in this type of bad faith case is "whether a claim was properly investigated and whether the results of the investigation were subjected to a cognitive evaluation and review." Gulf Atlantic Life Ins. Co., 405 So.2d at 924. *Page 706 
Viewing the evidence in a light most favorable to Kervin and Hose Headquarters, we hold that the trial court properly entered the summary judgment for Southern Guaranty on the bad faith claim. After reviewing the policy it had issued to Hose Headquarters, both Southern Guaranty and its adjuster determined that the policy covered only the wiring fixtures, telephone equipment, and racks that had been in the portable storage building. The record contains several memoranda between the adjuster and Southern Guaranty demonstrating an investigation and evaluation of the incident and the policy's coverage. Southern Guaranty did not obtain independent estimates of the damage allegedly sustained by Hose Headquarters. However, as noted above, Southern Guaranty's adjuster received a completed "schedule of contents" from Kervin; that document required Kervin to provide a description of the allegedly damaged property and a statement of the place and date of purchase, the cost of the property, and its actual cash value. Southern Guaranty determined that its policy covered only the wiring fixtures, telephone equipment, and racks that had been in the storage building, and, after taking Kervin's word as to the value of those items, found the value of the items to be $440 — less than the policy's $500 deductible.
Kervin and Hose Headquarters point particularly to the fact that Southern Guaranty did not obtain estimates for installation of wiring, repairs to the main building, and clean up of the property. However, Southern Guaranty maintained that its policy did not provide coverage of those costs. Southern Guaranty was not required to assess damage for which it disputed coverage in the first place. The question whether the Southern Guaranty policy provides coverage for the damage is an issue to be decided in the breach of contract claim filed by Kervin and Hose Headquarters; that claim, as noted above, is pending in the trial court. Under the circumstances of this case, we hold that there was no genuine issue of material fact in regard to the bad faith claim.
Kervin and Hose Headquarters also argue that the summary judgment was improper as to the negligent or wanton investigation claim. However, this Court has consistently refused to recognize a cause of action for the negligent handling of insurance claims, and it will not recognize a cause of action for alleged wanton handling of insurance claims. SeePate v. Rollison Logging Equipment Inc., 628 So.2d 337 (Ala. 1993); Armstrong v. Life Insurance Co. of Virginia,454 So.2d 1377, 1380 (Ala. 1984), overruled on other grounds, Hickox v.Stover, 551 So.2d 259, 264 (Ala. 1989); Chavers v. NationalSecurity Fire Casualty Co., 405 So.2d 1 (Ala. 1981); CalvertFire Ins. Co. v. Green, 278 Ala. 673, 180 So.2d 269 (1965). The summary judgment was proper on this claim as well.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES, HOUSTON, and COOK, JJ., concur.
BUTTS, J., concurs in the result.
KENNEDY, J., concurs in part and dissents in part.