**Phyllis BURKE, Plaintiff,**

v.

**HUMANA INSURANCE COMPANY and Kenneth Ford, Defendants.**

**Civil Action No. 96–T–143–N.**

United States District Court, M.D. Alabama, Northern Division.

Feb. 9, 1996.

---

Jere L. Beasley, Wilson Daniel Miles, III, Beasley, Wilson, Allen, Main & Crow, P.C., Montgomery, AL, Jerry L. Thornton, Hayneville, AL, for plaintiff.

Tabor R. Novak, Jr., Ball, Ball, Matthews & Novak, P.A., Montgomery, AL, for Kenneth Ray Ford.

---

## ORDER

MYRON H. THOMPSON, Chief Judge.

Plaintiff Phyllis Burke filed this lawsuit in the Circuit Court of Lowndes County, Alabama, charging defendants Humana Insurance Company and Kenneth Ford with fraud in connection with the purchase of a supplemental insurance policy. Defendant Humana Insurance Company removed this lawsuit to federal court, basing removal on diversity-of-citizenship jurisdiction pursuant to 28 U.S.C.A. §§ 1332, 1441. This cause is now before the court on Burke's motion to remand and Humana Insurance Company's motion for relief from order.

## MOTION TO REMAND

Defendant Humana Insurance Company is incorporated in and has its principal place of business in a state other than the State of Alabama. However, because plaintiff Burke and defendant Ford are citizens of the State of Alabama, diversity of citizenship is not present. Humana Insurance Company contends that the court may ignore Ford's citizenship because he has not yet been properly served as a defendant.

Humana Insurance Company points to 28 U.S.C.A. § 1441(b), which provides that an action based on diversity-of-citizenship jurisdiction shall be removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[1] Relying on this provision, the company argues that, if a resident defendant has not been "served," then his citizenship may be ignored in determining whether there is complete diversity of citizenship. The company misreads § 1441(b). This section does not address the issue of whether there is complete diversity of citizenship. Rather, the section provides that, even if there is complete diversity of citizenship, a case cannot be removed if a defendant, properly joined and served, is a citizen of the state in which the action is brought. In other words, § 1441(b) is an "additional" requirement for removal, with the result that removal based on diversity of citizenship is proper only if *both* of the following requirements are met: first, that there is complete diversity of citizenship between all plaintiffs and all defendants and, second, that none of the defendants who has been properly joined and served is a citizen of the state in which the action is brought. Section 1441(b), therefore, does not expand diversity-of-citizenship jurisdiction but rather further restricts it within the context of removal. Here, because there is not complete diversity of citizenship between plaintiff and all defendants, the court need not reach the

---

1. Section 1441(a) & (b) provides in full:

   "(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

   "(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served

second question of whether § 1441(b)'s requirement has also been met.[2]

In addition, the court does not agree with Humana Insurance Company that Ford has been fraudulently or collusively joined in this lawsuit. *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989); *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983). Thus, again, diversity-of-citizenship jurisdiction is lacking between plaintiff Burke and defendant Ford.

## MOTION FOR RELIEF FROM ORDER

This case was previously removed to federal court and remanded back to state court. *Burke v. Humana Insurance Company*, civil action no. 95–T–299–N, 1995 WL 841678 (M.D.Ala. May 11, 1995). Humana Insurance Company requests that the court vacate its earlier order of remand. The court declines for the reason given above. In addition, the Eleventh Circuit has written:

> "Removal in diversity case, to the prejudice of state court jurisdiction, is a privilege to be strictly construed, and the state court proceedings are to be interfered with once, at most. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity. The action must not ricochet back and forth depending upon the most recent determination of a federal court.... The district court has one shot, right or wrong."

*Harris v. Blue Cross/Blue Shield of Ala., Inc.*, 951 F.2d 325, 330 (11th Cir.1992) (quoting *In re La Providencia Development Corp.*, 406 F.2d 251, 252–53 (1st Cir.1969)) (citations omitted).

Accordingly, because this court lacks subject-matter jurisdiction, it is the ORDER, JUDGMENT and DECREE of the court that plaintiff Phyllis Burke's motion to remand to state court, filed on January 31, 1996, be and it is hereby granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause

is remanded to the Circuit Court of Lowndes County, Alabama.

It is further ORDERED that defendant Humana Insurance Company's motion for relief, etc., filed on January 26, 1996, is denied.

It is further ORDERED that defendant Kenneth Ford's motion to dismiss, filed on February 8, 1996, is left for disposition by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

---

as defendants is a citizen of the State in which such action is brought."

**2.** The defendants rely on *Mask v. Chrysler Corp.*, 825 F.Supp. 285, 289 (N.D.Ala.1993), *aff'd*, 29 F.3d 641 (11th Cir.1994) (table), to support their

reading of § 1441(b). This court disagrees with *Mask*'s reading of this section. Because *Mask* was affirmed by an unpublished opinion, it is not binding as precedent on this court. 11th Cir.R. 36–2.