Billy SEXTON, d/b/a Highland Home Propane Gas & Appliance Co., Plaintiff,

v.

G & K SERVICES, INC.; Mark Chilton; Craig A. Wood; et al., Defendants.

No. Civ.A. 99–A–280–N.

United States District Court, M.D. Alabama, Northern Division.

June 10, 1999.

Jere L. Beasley, Wilson D. Miles, Montgomery, AL, for plaintiff.

Henry C. Barnett, Joseph B. Lewis, Montgomery, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on a Motion to Remand, filed by the Plaintiff on April 19, 1999, and on a Motion to Amend

the Complaint, filed by the Plaintiff on May 5, 1999.

The Plaintiff originally filed a Complaint in this case in the Circuit Court of Montgomery County, Alabama, on February 16, 1999. In the Complaint, the Plaintiff brings claims against Defendant G & K Services, which the Plaintiff alleges to be a foreign corporation doing business in Alabama; Mark Chilton, whom he alleges to be a resident of Alabama; and Craig Wood, whom he alleges to be a resident of Texas.

On March 19, 1999, Defendant G & K Services, Inc. ("G & K Services"), filed a Notice of Removal, in which the other Defendants joined. G & K Services stated that complete diversity of the parties exists because Defendant Mark Chilton, the non-diverse Defendant, was fraudulently joined. In support of removal, the Defendants pointed to evidence to establish that Mark Chilton is not and has never been an employee of G & K Services.

The Plaintiff filed a Motion to Remand on April 19, 1999. The Plaintiff subsequently filed a Motion for Leave to Amend the Complaint and to Substitute on May 5, 1999. In this Motion to Amend, the Plaintiff acknowledges that Mark Chilton is not a proper defendant, but states that Mailon Boyd is a proper defendant who should have been named in the original Complaint. Also on May 5, 1999, the Plaintiff filed a Notice of Dismissal, dismissing all claims asserted against Mark Chilton with prejudice, and on June 1, 1999, a Joint Stipulation of Dismissal was filed as to Mark Chilton. Chilton, the only resident defendant, has now been dismissed from the case with prejudice. Because there are no non-diverse defendants in the case, this case is properly in federal court pursuant to the court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The only issue presented for determination by this court, therefore, is whether or not to allow the Plaintiff to amend the Complaint so as to destroy diversity jurisdiction.

## II. *MOTION TO AMEND STANDARD*

Under 28 U.S.C. § 1447(e), "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." In determining whether to allow the amendment, the court should examine the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. *Hensgens v. Deere and Co.,* 833 F.2d 1179, 1182 (5th Cir.1987), *cert. denied,* 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989) [1]; *Weathington v. United Behavioral Health,* 41 F.Supp.2d 1315 (M.D.Ala.1999).

## III. *FACTS*

The Plaintiff has alleged in the Complaint that the Plaintiff entered into a contract with National Uniform Services for uniforms for the employees of Highland Home Propane Gas & Appliance Company. The Plaintiff states that Defendant G & K Services subsequently purchased National Uniform Services, including the contract that National Uniform Services had with the Plaintiff.

The Plaintiff states that Todd Dozier of G & K Services asked whether the Plaintiff would like to renew his contract for an additional twenty-four month period. The Plaintiff declined. The Plaintiff was again contacted by G & K Services representatives about renewing his service agreement and he again declined. The representatives then informed the Plaintiff that he had already agreed to extend the contract.

The Plaintiff requested a copy of the agreement wherein he allegedly had

---

**1.** Although *Hensgens* pre-dates the enactment   of § 1447(e), its analysis is still relevant.

agreed to extend the contract. The Plaintiff alleges that the signature of Billy J. Sexton, on behalf of Highland Home Propane & Appliance Company, had been forged. In the Complaint, the Plaintiff alleges that the contract contained the names of Defendants Craig A. Wood and Mark Chilton of G & K Services. The Plaintiff then filed suit, asserting various claims based on the alleged forgery of his name to the contract.

### IV. *DISCUSSION*

■ The Plaintiff states that the Complaint originally named Mark Chilton as a Defendant because the Plaintiff believed that Mark Chilton's signature appeared on the contract, and that the Plaintiff has only recently learned that the signature is Mailon Boyd's, rather than Mark Chilton's. Plaintiff's Proposed Amended Complaint at ¶ 9. Mailon Boyd is alleged to also be a resident of Alabama. The Plaintiff has sought to amend the Complaint so to substitute the name of Mailon Boyd for the name of Mark Chilton.

G & K Services argues that the Motion to Amend was filed before any discovery occurred, so the Plaintiff cannot argue that the Plaintiff only recently discovered facts which were only in G & K Services' possession. G & K Services also states that the Plaintiff attached to the brief filed in support of remand a copy of the contract signed by Mailon Boyd, and that this copy is not the copy of the contract which G & K Services had attached to the Notice of Removal. From this fact, G & K Services draws the inference that the Plaintiff has had a copy of the contract and did not rely on G & K Services to provide a copy. In fact, the Plaintiff admits that Billy Sexton had requested to see the contract and had learned about the signatures prior to filing a Complaint in this case. Complaint at ¶¶ 10, 11.

G & K Services argues that since there is no indication that the Plaintiff attempted to independently ascertain the identity of Mailon Boyd before filing the lawsuit, the Plaintiff has been dilatory in naming Mailon Boyd as a defendant. G &

K Services stresses that the Plaintiff only had to read the contract in the Plaintiff's possession to see that Boyd had signed it.

The Plaintiff has cited this court to the case of *Burke v. Humana*, 932 F.Supp. 274 (M.D.Ala.1996) in support of the argument that leave to amend should be given (third page, unnumbered, of Plaintiff's Brief) and has attached a copy of that opinion. That opinion bears no relationship whatsoever to the discussion then set out in the Brief or to the issue at hand, but deals with an entirely different subject. To the extent that Plaintiff's argument may refer to a different opinion from the case, not cited and not attached, that case is clearly distinguishable from this one.

As stated above, a court exercising its discretion on whether to allow a jurisdiction-destroying amendment should bear in mind the original defendant's interest in its choice of the federal forum, the extent to which the purpose of the motion is to defeat federal jurisdiction, the extent to which the plaintiff has been dilatory, the injury to the plaintiff if the motion to amend is denied, and other equities.

■ In balancing the equities, the parties do not start out on an equal footing. This is because of the diverse defendant's right to choose between a state or federal forum. Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes. *Hensgens*, 833 F.2d at 1181. Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to federal court when there is diversity. Therefore, "(t)he district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Id.* at 1182.

In applying the *Hensgens* factors relevant to a court's exercise of discretion under 28 U.S.C. § 1447(e), the court finds

that the Motion to Amend is due to be DENIED.

The Plaintiff has been dilatory in seeking to sue Mailon Boyd. The court agrees with the Defendants that the submissions before the court reflect that the Plaintiff has been more concerned with finding a resident agent to sue than with finding out who the agent was who was actually responsible for alleged misrepresentations. Although the Plaintiff has claimed that he "merely interpreted" the signature "Mailon Boyd" as "Mark Chilton," Mailon Boyd's name can clearly be read on the contract and does not remotely resemble "Mark Chilton." As the Plaintiff concedes in his brief, the Plaintiff did not require discovery to confirm the proper identity of the resident defendant. Brief in Support of Motion to Remand, third page. Instead, the Plaintiff could have ascertained the identity of Mailon Boyd prior to filing suit and prior to removal of this case, merely by looking at the contract, if including him as a defendant had actually been important to his case. The court finds, therefore, that the Plaintiff has been dilatory in seeking to amend the Complaint.

The court also finds that the Plaintiff will not be significantly injured if the amendment is denied. The Plaintiff has not demonstrated that he will not be able to obtain full relief from G & K Services without the presence of Mailon Boyd as an additional defendant. Plaintiff claims in Brief (second page) that Boyd "is a necessary defendant in the present action." No authority is cited in support of that contention, because there is none. Boyd clearly is not a necessary party to the Plaintiff's suit against G & K Services. Plaintiff can obtain a judgment against G & K Services without the presence of Boyd as a defendant, if Boyd acted wrongfully and G & K Services is responsible for Boyd's actions. Discovery will allow the Plaintiff access to the same information with or without Boyd in the case. Plaintiff has not suggested that G & K Services would be unable to satisfy any potential judgment, but that Boyd would. Plaintiff will be free to sue

Boyd in state court, if he wishes to do so. While that would involve prosecuting two lawsuits, that burden is not sufficient, in light of all other factors, to allow amendment. *See DiNardi v. Ethicon,* 145 F.R.D. 294 (N.D.N.Y.1993). And, of course, Plaintiff does not have to sue Boyd anywhere.

Finally, the court is well satisfied that the purpose of the amendment is to defeat federal jurisdiction. The fact that the Plaintiff only sought to name Mailon Boyd once the Defendants filed an Affidavit affirmatively stating that Mark Chilton, the resident Defendant, was not an employee of G & K Services is strongly indicative that the purpose of the amendment is to defeat federal jurisdiction. *See In re Norplant Contraceptive Products Liability Litigation,* 898 F.Supp. 429 (E.D.Tex.1995) (denying motion to amend where plaintiff sought to add a non-diverse defendant only after the case was removed even though knew identity of defendant at an earlier time). Plaintiff's counsel's statement that he misread "Mailon Boyd" to be "Mark Chilton" is without credibility, as is his statement that Boyd is a necessary party to this suit. The inevitable conclusion to be drawn from the actions of Plaintiff's counsel is that Boyd is sought to be added for the purpose of keeping this case out of federal court, after Defendant properly exercised its legal right to choose this forum.

The court finds that application of the *Hensgens* factors to the facts in this case militates against allowing the Plaintiff to add Mailon Boyd as a defendant to defeat diversity. Accordingly, the court exercises its discretion to deny joinder of Mailon Boyd pursuant to 28 U.S.C. § 1447(e). Because complete diversity of the parties exists in this case, the Motion to Remand is also due to be DENIED.

## V. *CONCLUSION*

For the reasons discussed, it is hereby ORDERED that the Motion to Amend (Doc # 15) is DENIED and that the Mo-

tion to Remand (Doc. # 8) is also DE-NIED.