**Randall BEVELS, d/b/a, Harris Funeral Home and Brenda Bevels, Plaintiffs,**

v.

**AMERICAN STATES INSURANCE CO., et al., Defendants.**

**Civil Action No. 00–A–604–E.**

United States District Court, M.D. Alabama, Eastern Division.

June 20, 2000.

Faye H. Edmondson, Harrison & Edmondson, LLC, Dadeville, AL, for Randall Bevels, Brenda Bevels.

Lynn Etheridge Hare, Hare & Clement, PC, Birmingham, AL, for American States Insurance Co.

Safeco Insurance Company, Birmingham, AL, pro se.

American Economy Insurance Company, pro se.

### MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

### I. FACTS AND PROCEDURAL HISTORY

This cause is before the court on a Motion to Remand, filed by the Plaintiffs Randall Bevels d/b/a Harris Funeral Home and Brenda Bevels ("the Plaintiffs") on May 24, 2000 (Doc. # 7).

The Plaintiffs originally filed their Complaint in this case in the Circuit Court of Tallapoosa County, Alabama. In the Complaint, the Plaintiffs bring claims for breach of contract and bad faith refusal to pay against American States Insurance Company. The claims arise out of the

denial of the Plaintiffs' claim under a fire insurance policy for the destruction by fire of Harris Funeral Home, Inc.

American States Insurance Company ("American States") filed a Notice of Removal on May 11, 2000, stating that this court has diversity jurisdiction over the case. On May 16, 2000, American States filed a Motion to Dismiss the Complaint.

On May 24, 2000, the Plaintiffs filed an Amended Complaint, bringing claims for negligent handling of claim, fraud, and conversion against American States and Danny Franks ("Franks"), the adjuster of the Plaintiffs' insurance claim.

On May 24, 2000, the Plaintiffs filed a Motion to Remand. The Plaintiffs also subsequently filed a Motion to Amend the Amended Complaint on June 5, 2000.

## II. *STANDARD FOR MOTION TO REMAND*

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

## III. *DISCUSSION*

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *See id.* To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

In their Motion to Remand, the Plaintiffs state that there is no diversity of citizenship in the case as amended. The Plaintiffs do not contest that diversity of citizenship existed in this case until the Complaint was amended.[1]

In response to the Motion to Remand, American States argues that whether or not a case was properly removed is determined by the status of the pleadings at the time of removal, not at the time the court considers the Motion to Remand. American States also argues that the court should strike the Plaintiffs' Amended Complaint because the Plaintiffs did not comply with the requirements of Federal Rule of Civil Procedure 15(a), in that a Motion to Dismiss had already been filed, and so the Plaintiffs should have requested leave of the court to amend the Complaint.

The court agrees with American States that the propriety of removal should be considered based upon the pleadings as of the date of removal. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334 (1939)). At the time of removal in this case, diversity jurisdiction existed.

The court does not agree with American States, however, that the filing of the Motion to Dismiss meant that the

---

1. The Plaintiffs do not contest that the requisite amount in controversy is present under either the original Complaint or the Complaint as amended.

Plaintiffs had to seek leave of court to file an amendment to the Complaint. A motion to dismiss is not considered a responsive pleading for the purposes of Rule 15(a). *McGruder v. Phelps,* 608 F.2d 1023, 1025 (5th Cir.1979).[2]

The question before the court, therefore, is whether a federal district court is required to remand a case in which it had diversity jurisdiction at the time of removal merely because, after removal, but before a responsive pleading had been filed, the Plaintiffs filed an amendment to the complaint which destroyed diversity jurisdiction. The Eleventh Circuit Court of Appeals does not appear to have addressed this issue. One district court in this circuit has concluded that even though a defendant has not yet filed an answer in a removed case, a plaintiff cannot amend a complaint as a matter of course under Rule 15(a) to name additional parties whose presence will destroy complete diversity. *See El Chico Restaurants, Inc. v. Aetna Cas. and Surety Company,* 980 F.Supp. 1474 (S.D.Ga.1997).

There are several federal district court cases outside of this circuit which have examined the application of Rule 15(a) in a post-removal context, and have also determined that when an amendment to the complaint would destroy diversity jurisdiction, a district court has the authority to deny the plaintiff's right to amend. *See e.g., Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc.,* 916 F.Supp. 1024 (D. Nev.1996); *Whitworth v. Bestway Transportation Inc.,* 914 F.Supp. 1434 (E.D.Tex.1996); *Horton v. Scripto–Tokai Corp.,* 878 F.Supp. 902 (S.D.Miss.1995); *Borne v. Siemens Energy & Automation, Inc.,* 1995 WL 15354, No. 94–3229 (E.D.La. Jan. 17, 1995); *Lyster v. First Nationwide Bank Financial Corp.,* 829 F.Supp. 1163, 1165 (N.D.Cal.1993); *Lehigh Mechanical, Inc. v. Bell Atlantic Tricon Leasing Corp.,* 1993 WL 298439, No. Civ. A. 93–673

(E.D.Pa.1993). This approach to Rule 15(a) is also the approach advocated in a treatise discussing the subject. *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure: Civil* § 1477 at 562 (2d ed 1990).

The rationale for denying a plaintiff's right to amend as a matter of course under these circumstances is that Rule 15(a) conflicts with the provisions of 28 U.S.C. § 1447(e). As stated by the Fourth Circuit, "a district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court." *Mayes v. Rapoport,* 198 F.3d 457, 461 n. 11 (4th Cir.1999).

In 28 U.S.C. § 1447(e), Congress provides that

If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court.

■ This court agrees with the reasoning of other federal courts that 28 U.S.C. § 1447(e), rather than Rule 15(a), should apply when a plaintiff seeks to amend a complaint to destroy diversity jurisdiction after removal. Rule 15(a) generally governs amendments to complaints and does not specifically speak to situations in which the case has been removed. On the other hand, 28 U.S.C. § 1447(e) specifically contemplates amendments which would destroy the subject matter jurisdiction of the district court after a case has been removed to federal district court. The court finds, therefore, that it is appropriate to follow the rule embodied in the statute which specifically addresses amendments in the context of the court's exercise of its jurisdiction in a removed case. *See Bulova Watch Co. v. United States,* 365 U.S. 753, 758, 81 S.Ct. 864, 6 L.Ed.2d 72 (1961)

---

**2.** The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit decided before October 1, 1981. *Bon-*

*ner v. City of Prichard, Alabama,* 661 F.2d 1206 (11th Cir.1981) *(en banc ).*

(a specific statute will not be controlled or nullified by a general one).

In addition, applying 28 U.S.C. § 1447(e) is the better approach from a practical standpoint. If the rule were to the contrary, that is, if a plaintiff could destroy diversity jurisdiction merely by naming a non-diverse defendant after removal, without seeking leave of the court, in a case such as the instant case in which the non-diverse defendant is an agent of an insurance company which is also named as a defendant, a plaintiff whose only motive was to avoid the federal forum could do so simply by amending the complaint once it was removed, and avoid any fraudulent joinder inquiry which could have been conducted had the non-diverse defendant been named in the original complaint.

Based on the sound reasoning applied by courts addressing this question, and this court's own reading of Rule 15(a) and 28 U.S.C. § 1447(e), the court will conduct the discretionary review of pleadings provided for by Congress under 28 U.S.C. § 1447(e). This court must decide, therefore, whether to allow the amendment to the Complaint which has been filed by the Plaintiffs.

■ In determining whether to allow an amendment which destroys diversity jurisdiction, the court should examine the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. *Hensgens v. Deere and Co.*, 833 F.2d 1179, 1182 (5th Cir.1987), *cert. denied*, 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989).[3]

■ In balancing the equities, the parties do not start out on an equal footing. *Sexton v. G & K Services, Inc.*, 51 F.Supp.2d 1311, 1313 (M.D.Ala.1999). This is because of the diverse defendant's right to choose between a state or federal forum. Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes. *Hensgens*, 833 F.2d at 1181. Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to federal court when there is diversity.

In arguing that the *Hensgens* factors favor striking the Amended Complaint, American States argues that it is evident that the Plaintiffs knew before the filing of their original Complaint that defendant Franks was the adjuster assigned to their claim and was involved in the decision to deny the claim. American States points out that in moving for remand, the Plaintiffs gave no explanation for why they sought to add Franks after the case was removed. Although the court gave the Plaintiffs an opportunity to file a Reply in support of their Motion to Remand, the court has not received a Reply from the Plaintiffs. The court agrees with American States that there is no apparent reason for the Plaintiffs to wait to add Franks until after the case was removed, indicating that the Plaintiffs were dilatory in naming Franks. In addition, the timing of the amendment to the Complaint indicates that the purpose of the amendment is to defeat federal jurisdiction. *See In re Norplant Contraceptive Products Liability Litigation*, 898 F.Supp. 429 (E.D.Tex.1995) (denying motion to amend where plaintiff sought to add a non-diverse defendant only after the case was removed even though the plaintiff knew the identity of the defendant at an earlier time).

---

**3.** Although *Hensgens* pre-dates the enactment of § 1447(e), its analysis is still relevant. *Carter v. Dover Corp., Rotary Lift Div.*, 753 F.Supp. 577, 579 (E.D.Pa.1991) ("Virtually every court to address the joinder question since the enactment of § 1447(e) views the statute as ... providing for a flexible, broad discretionary approach of the type prescribed in *Hensgens*").

American States further argues that the Plaintiffs will not be significantly injured if the Amended Complaint is stricken. American States points out that count three of the Amended Complaint contains a claim for negligent handling· of a claim, which does not exist under Alabama law. *Kervin v. Southern Guaranty Ins. Co.,* 667 So.2d 704 (Ala.1995). American States also argues that the Plaintiffs have failed to state a claim of fraud or conversion, or conspiracy to commit either, against Franks.

The court agrees with American States that it is questionable whether the allegations of the Amended Complaint state claims against Franks. The Plaintiffs plead that Franks and American States "did defraud" them of the proceeds of their insurance policy. There is no allegation that the Plaintiffs relied on any statement or suppression of fact. Under Alabama law, the actual failure to perform under an insurance policy is not in and of itself evidence of intent not to perform at the time the promise was made. *Ligon Furniture Co. v. O.M. Hughes Ins. Inc.,* 551 So.2d 283, 286 (Ala.1989). The Plaintiffs do not allege that the policy was issued with the intention not to pay claims made thereunder or that the Plaintiffs did not receive the insurance coverage that they sought. *Id.* In the claim for conversion, the Plaintiffs state that the Defendants converted the proceeds of the insurance policies. An action alleging conversion of money lies only where there is an obligation to deliver the specific pieces of money in question or money that has been specifically sequestered, rather than a mere obligation to deliver a certain sum. *Johnson v. Life Ins. Co. of Alabama,* 581 So.2d 438 (Ala.1991).

Even if the Plaintiffs have adequately alleged claims for fraud and/or conversion, there has been no showing by the Plaintiffs that they will not be able to obtain full relief on their claims in this court without the presence of Franks as a defendant. The Plaintiffs can obtain a judgment against American States without the presence of Franks, discovery will allow the Plaintiffs access to the same information with or without Franks in the case, there has been no suggestion that American States would be unable to satisfy a judgment, and the Plaintiffs are free to sue Franks in state court should they wish to do so. *See Sexton,* 51 F.Supp.2d at 1314. The court concludes, therefore, that exercising its discretion to deny the Plaintiffs the right to amend to add Franks as a defendant will not significantly injure the Plaintiffs.

Applying the *Hensgens* factors relevant to a court's exercise of discretion under 28 U.S.C. § 1447(e), the court finds that the factors militate against allowing the Plaintiffs to amend their Complaint to destroy complete diversity. Accordingly, the court finds that the Amended Complaint is due to be STRICKEN.[4] Because, in the absence of the Amended Complaint, diversity jurisdiction exists in this case, the Motion to Remand is due to be DENIED.

### IV. CONCLUSION

For the reasons discussed above, it is hereby ORDERED as follows:

1. The Motion to Remand (Doc. # 7) is DENIED.

2. The Amended Complaint (Doc. # 5) is STRICKEN.

3. The Motion to Dismiss filed by Danny Franks (Doc. # 17) is DENIED as moot.

---

4. The court notes that leave to amend the Complaint has been sought by the Plaintiffs with regard to another amendment to the Complaint. This amendment seeks to add additional defendants. The court has issued an Order to show cause why that motion should not be granted and will rule on that motion in a separate Memorandum Opinion and Order.