**Luella JONES, et al., Plaintiffs,**

v.

**RENT–A–CENTER EAST, INC., Defendant.**

**No. CIV.A. 2:04CV656–A.**

United States District Court, M.D. Alabama, Northern Division.

Feb. 9, 2005.

Rodney N. Caffey, Webb Prescott Walker Boyle & Associates LLC, Montgomery, AL, for Luella Jones, Jaquise Jones, Jacorey Owens, Tamareo Mathew, Plaintiffs.

Kenneth Alan Watson, Michael Morris Shipper, Miller Hamilton Snider & Odom, Mobile, AL, for Rent–A–Center East, Inc., Defendant.

## MEMORANDUM OPINION

ALBRITTON, Senior District Judge.

### I.  INTRODUCTION

This cause is before the court on the Plaintiffs' Motion for Joinder of Persons Needed for Just Adjudication (Doc. # 13) and Motion to Amend (Doc. # 14).

The Plaintiffs originally filed their Complaint in the Circuit Court of Montgomery County, Alabama.  The case was removed to this court on the basis of diversity jurisdiction.  No Motion to Remand was filed.  The Complaint as originally filed, and as amended after removal, was brought against a Defendant, Rent–A–Center East, Inc., which is completely diverse in citizenship from the Plaintiffs, and fictitious parties.  Although no specific monetary amount is sought, based on the claims asserted and the request for punitive damages, the amount in controversy is in excess of $75,000, exclusive of interest and costs.  The Plaintiffs now seek to amend the Complaint to add as Defendants two persons whom they allege in the proposed Amended Complaint to be residents of the State of Alabama.

### II.  MOTION TO AMEND STANDARD

■ Under 28 U.S.C. § 1447(e), "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  In determining whether to allow the amendment, the court should examine the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities.  *Hensgens v. Deere and Co.,* 833 F.2d 1179, 1182 (5th Cir.1987), *cert. denied,* 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989).[1]

### III.  FACTS

The facts as alleged by the Plaintiffs are as follows:

The Plaintiffs Leulla Jones, Jaquise Jones, and the two minor Plaintiffs, Jacorey Owens and Tamareo Mathews are citizens of the State of Alabama.  Jacorey Owens and Tamareo Mathews are grandsons of Leulla Jones.  Defendant RAC is alleged to be a foreign corporation.

In January 2004, RAC is alleged to have turned off power to Leulla Jones' residence during an attempt to repossess a refrigerator.  According to the Plaintiffs, RAC's actions caused medical complications for Tamareo Mathews and also for Jacorey Owens, who was on a breathing machine powered by electricity at the time of the incident.  In the original Complaint,

---

1. This analysis is still relevant even though Hensgens pre-dates § 1447(e).  *See Sexton v.* *G & K Services, Inc.,* 51 F.Supp.2d 1311 (M.D.Ala.1999).

the Plaintiffs identify Andrew Christopher Rolfsen ("Rolfsen") as the RAC agent who turned off the power even though he had been advised of the medical situation. The Plaintiffs allege that they called the Montgomery County Sheriff's Department, which intercepted Rolfsen. In the original Complaint, the Plaintiffs also allege that a manager of RAC intervened in the situation.

In the proposed Amended Complaint, the Plaintiffs have attempted to name Rolfsen and Tony Atkins ("Atkins") as Defendants. In the proposed Amended Complaint, the manager of RAC is identified for the first time as Atkins. Both Rolfsen and Atkins are alleged by the Plaintiffs to be residents of Alabama.

## IV. DISCUSSION

The Plaintiffs seek to join Atkins and Rolfsen as Defendants in this case. In determining whether to allow Atkins and Rolfsen to be joined, thereby necessitating remand,[2] or whether to deny the Plaintiffs' attempt to join Atkins and Rolfsen as Defendants, the court applies the *Hensgens* factors outlined above.

■ RAC concedes that the first *Hensgens* factor, the extent to which the amendment is to defeat diversity, may not be applicable in this case. As RAC acknowledges, the Plaintiffs appear not to have realized at the time of their request that the joinder of Rolfsen and Atkins would deprive this court of jurisdiction. *See* Defendant's Opposition at page 6. In addition, the Plaintiffs have responded that they are not motivated by "forum-shopping concerns" as evidenced by their non-oppo-

sition to removal and withdrawal of a motion for default judgment in state court. Based on the information presented to the court, the first *Hensgens* factor weighs in favor of allowing the amendment.

■ With regard to the second *Hensgens* factor, RAC argues that the Plaintiffs could have named Rolfsen when the lawsuit was originally filed, and could have named Atkins in October 2004 when RAC disclosed in its initial disclosures the name of Tony Atkins as the manager with knowledge of the incident. The Plaintiffs have argued that although they knew of Rolfsen, they thought that he had been fired and deployed to active overseas military duty. They further state that until RAC's response to their motions, they were not sure that Atkins was the manager at issue.

The motions filed by the Plaintiffs were well within the time allowed by the Scheduling Order to file an amendment to the Complaint, and were well within the time agreed to by the Defendant in the Report of Parties' Planning Meeting to join additional parties. *See* Doc. #8 at ¶4; Doc. #9 at Section 4. The court concludes, therefore, that the Plaintiffs' motions are not dilatory and that the second *Hensgens* factor weighs in favor of allowing the amendment.

■ The third *Hensgens* factor is whether the Plaintiffs will be significantly injured if the amendment is not allowed. In analyzing this factor, this court generally attempts to determine whether a plaintiff can be afforded complete relief in the absence of the amendment. *See e.g., Sex-*

---

**2.** Although the Plaintiffs express some doubt as to whether the addition of Rolfsen and Atkins would actually destroy diversity jurisdiction, in its response RAC concedes not only that Atkins and Rolfsen are pled to be, but also that they are, residents of Montgomery, Alabama, *see* Defendant's Opposition to Plain-

tiffs' Motion at page 2, and although referring to residence rather than citizenship, takes the position that adding these persons as defendants would destroy diversity of citizenship. *Id.* at page 3. The court will accept that position.

*ton v. G & K Services, Inc.*, 51 F.Supp.2d 1311, 1314 (M.D.Ala.1999).

RAC points out that in *Bevels v. American States Ins. Co.*, 100 F.Supp.2d 1309, 1314 (M.D.Ala.2000), this court reasoned that plaintiffs would not be significantly injured by denial of an amendment to add non-diverse parties where the plaintiffs could obtain a judgment against an insurance company without the presence of its agent in the case, discovery would allow the plaintiffs access to the same information with or without the agent in the case, there was no suggestion that the insurance company would be unable to satisfy a judgment, and the plaintiffs were free to sue the agent in state court.

RAC argues that this case is like *Bevels*, in that RAC is fully capable of satisfying a judgment in this case and can produce Rolfsen and Atkins as material witnesses. RAC points out that all of the claims for relief are asserted against RAC, and that none of the claims are asserted solely against individuals.

This case is distinct from *Bevels*, however, in that in *Bevels* there was no discussion of any disavowal by the insurance company of liability based on the alleged acts of its agent. In this case, RAC has asserted affirmative defenses in its Answer to the Amended Complaint that the "conduct complained of was not within the line and scope of Rent–A–Center's employment" and that "Rent–A–Center cannot be liable under theories of respondeat superior or agency." Answer to Amended Complaint at unnumbered page 2. RAC admits that Rolfsen turned off the power to the Plaintiffs home, but has denied that Rolfsen was acting within the line and scope of his employment at the time of his actions. *See* Answer to Amended Complaint at ¶ 8. Consequently, in this case, unlike in *Bevels*, it is unclear that the Plaintiffs can obtain a complete relief without the pres-

ence of Rolfsen and/or Atkins as Defendants individually in the case.

This court has found the existence of respondeat superior liability to be significant in another case applying *Hensgens* factors. *See Sexton*, 51 F.Supp.2d at 1314 (reasoning that "Plaintiff can obtain a judgment against G & K Services without the presence of Boyd as a defendant, if Boyd acted wrongfully and G & K Services is responsible for Boyd's actions."). Given the affirmative defenses and denials asserted in the Answer to the Amended Complaint in this case, the court finds that the third *Hensgens* factor weighs in favor of allowing the amendment.

The next step in the *Hensgens* analysis is to consider any other factors bearing on the equities. In balancing the equities, the parties are not on equal footing, and the court should give consideration to RAC's right to choose the federal forum. *See Hensgens*, 833 F.2d at 1181.

■ The Plaintiffs contend that the equities weigh in their favor because they will be prejudiced if they must pursue two different lawsuits. Although RAC argues that the Plaintiffs are free to sue Rolfsen and Atkins in a separate suit in state court, two suits would cause the Plaintiffs to bear the expense of maintaining parallel suits, including discovery costs and time, and also would result in a lack of judicial economy. Therefore, considering all of the information before it, including that the first three *Hensgens* factors weigh in favor of amendment, the court finds that the equities weigh in the Plaintiffs' favor in this case, and the amendment to add Rolfsen and Atkins will be allowed.

## V. CONCLUSION

For the reasons discussed, the Plaintiffs' Motion for Joinder of Persons Needed for Just Adjudication (Doc. # 13) and a Mo-

tion to Amend (Doc. # 14) are due to be GRANTED. Because the addition of parties by these motions destroys diversity jurisdiction in this case, the court will enter a separate Order remanding this case for lack of subject matter jurisdiction to the Circuit Court of Montgomery County, Alabama, pursuant to 28 U.S.C. § 1447(e).

### ORDER

In accordance with the Memorandum Opinion entered on this day, it is hereby ORDERED as follows:

(1) The Plaintiffs' Motion for Joinder of Persons Needed for Just Adjudication (Doc. # 13) and Motion to Amend (Doc. # 14) are GRANTED.

(2) Pursuant to 28 U.S.C. § 1447(e), this cause is hereby REMANDED to the Circuit Court of Montgomery County, Alabama.

(3) The clerk is DIRECTED to take all steps necessary to effect this remand.