IN THE DISTRICT COURT OF THE UNITED STATES FOR THE 

 MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION 

ERICA RIVERS, ) 
 ) 
 Plaintiff, ) 
 ) CIVIL ACTION NO. 
 v. ) 2:19cv1092-MHT 
 ) (WO) 
LIBERTY MUTUAL INSURANCE, ) 
 ) 
 Defendant. ) 

 OPINION 
 Plaintiff Erica Rivers filed this case in state 
court against defendant Liberty Insurance Corporation 
(referred to as Liberty Mutual Insurance by Rivers), 
bringing five claims under state law for 
misrepresentation, negligent or wanton hiring, 
training, or supervision, negligence or wantonness, 
breach of contract, and bad faith, all stemming from 
Liberty’s denial of a claim under an insurance policy 
Rivers had purchased from it. Liberty removed this 
lawsuit to this court based on diversity-of-citizenship 
jurisdiction. See 28 U.S.C. §§ 1332 and 1441. The 
case is now before the court on Liberty’s motion to 
dismiss all claims except the one for breach of 
contract. For the reasons explained below, the motion 

will be granted. However, Rivers will be granted leave 
to amend three of the four dismissed claims. 

 I. MOTION-TO-DISMISS STANDARD 

 In considering a defendant’s motion to dismiss, the 
court accepts the plaintiff’s allegations as true, see 
Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and 

construes the complaint in the plaintiff’s favor, see 
Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993). 
“The issue is not whether a plaintiff will ultimately 
prevail but whether the claimant is entitled to offer 

evidence to support the claims.” Scheuer v. Rhodes, 
416 U.S. 232, 236 (1974). To survive a motion to 
dismiss, a complaint need not contain “detailed factual 
allegations,” Bell Atl. Corp. v. Twombly, 550 U.S. 544, 

545 (2007), “only enough facts to state a claim to 
relief that is plausible on its face.” Id. at 570. “A 
claim has facial plausibility when the plaintiff pleads 
factual content that allows the court to draw the 
reasonable inference that the defendant is liable for 

the misconduct alleged.” Ashcroft v. Iqbal, 556 U.S. 
662, 678 (2009). “The plausibility standard is not 
akin to a ‘probability requirement,’ but it asks for 
more than a sheer possibility that a defendant has 

acted unlawfully.” Id. (quoting Twombly, 550 U.S. at 
556). 

 II. BACKGROUND 

 The allegations of the complaint, taken in the 
light most favorable to Rivers, are as follows. At 
some point before July 2018, she insured a parcel of 

real property in Montgomery, Alabama by purchasing a 
policy from Liberty. During a conversation leading to 
the purchase, a Liberty employee informed Rivers that 
the insurance policy would provide $ 40,000.00 of 

coverage for certain types of “perils” to her property. 
Complaint (doc. no. 1-1) at 3. In reliance on this 
representation, Rivers purchased the insurance policy 
from Liberty. She received a written copy of the 
policy that confirmed the employee’s representations 

about the types of perils covered by the policy. 
 Rivers paid her premiums on the policy. The policy 
was effective through July 2018. 
 On or about July 21, 2018, Rivers’s real property 

was damaged. She asserts that the reason for the 
damage was one or more of the “perils” covered by the 
policy. She made a timely claim for the damage, but 
Liberty denied coverage. She contends that Liberty did 

so without properly investigating the claim. 

 III. DISCUSSION 

 Liberty moves to dismiss Rivers’s claims for 
misrepresentation (Count I), negligent or wanton 
hiring, training, or supervision (Count II), negligence 
or wantonness (Count III), and bad faith (Count V), but 

not her breach-of-contract claim (Count IV). The court 
will discuss each of the challenged claims in turn. 
 A. Misrepresentation 

 Rivers contends, in Count I, that Liberty is liable 
for misrepresentation based on the statements of the 
employee who spoke with Rivers when she purchased her 
policy. The insurance company responds that the 

misrepresentation claim should be dismissed because it 
was not pled with particularity as required by Federal 
Rule of Civil Procedure 9(b). The court agrees. 
 Under Alabama law, “[t]he elements of fraud are: 

(1) a misrepresentation of a material fact, (2) made 
willfully to deceive, recklessly, without knowledge, or 
mistakenly, (3) that was reasonably relied on by the 

plaintiff under the circumstances, and (4) that caused 
damage as a proximate consequence.” Brushwitz v. 
Ezell, 757 So. 2d 423, 429 (Ala. 2000). Rivers argues 
that she has sufficiently pled such a claim under Rule 

9(b) of the Alabama Rules of Civil Procedure. However, 
this Alabama procedural law is not applicable here. 
“It is well established that when a federal court 
considers a case that arises under its diversity 
jurisdiction, the court is to apply state substantive 

law and federal procedural law.” Royalty Network, Inc. 
v. Harris, 756 F.3d 1351, 1357 (11th Cir. 2014) (citing 
Hanna v. Plumer, 380 U.S. 460, 465 (1965)). 
 The court, therefore, must apply Federal Rule of 

Civil Procedure 9(b) and caselaw interpreting it rather 
than Alabama’s rule. See Loreley Financing (Jersey) 
No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 182 
n.14 (2d Cir. 2015) (“While the substantive elements of 

common-law fraud that must be proven are a matter of 
state law, what must be pleaded and with what level of 
particularity are governed by [federal] Rules 9(b) and 

12(b)(6).”); see also Pirelli Armstrong Tire Corp. 
Retiree Medical Benefits Trust v. Walgreen Co., 631 
F.3d 436, 443 (7th Cir. 2011) (applying federal Rule 
9(b) to fraud claim brought under state law); Evans v. 

Pearson Enterprises, Inc., 434 F.3d 839 (6th Cir. 2006) 
(same). 
 Rule 9(b) of the Federal Rules of Civil Procedure 
provides that, “In alleging fraud or mistake, a party 

must state with particularity the circumstances 
constituting fraud or mistake. Malice, intent, 
knowledge, and other conditions of a person's mind may 
be alleged generally.” Fed. R. Civ. P. 9(b). “This 

Rule serves an important purpose in fraud actions by 
alerting defendants to the precise misconduct with 
which they are charged and protecting defendants 
against spurious charges of immoral and fraudulent 

behavior.” Brooks v. Blue Cross & Blue Shield of Fla., 
Inc., 116 F.3d 1364, 1370–71 (11th Cir. 1997) 
(citations and internal quotation marks omitted). To 

meet the rule’s requirements, a complaint must “set[] 
forth: (1) precisely what statements were made in what 
documents or oral representations or what omissions 
were made, and (2) the time and place of each such 

statement and the person responsible for making (or, in 
the case of omissions, not making) same, and (3) the 
content of such statements and the manner in which they 
misled the plaintiff, and (4) what the defendants 
obtained as a consequence of the fraud.” Id. at 1371 

(citations and internal quotation marks omitted). Yet 
“Rule 9(b) must be read in conjunction with Rule 8(a) 
[of the Federal Rules of Civil Procedure], which 
requires a plaintiff to plead only a short, plain 

statement of the grounds upon which he is entitled to 
relief.” Morrow v. Green Tree Servicing, L.L.C., 360 
F. Supp. 2d 1246, 1250 (M.D. Ala. 2005) (Thompson, J.) 
(quoting Brooks, 116 F.3d at 1371 (internal quotation 

marks omitted). 
 Following these guideposts, the court finds that 
Rivers’s pleading of her fraud claim is insufficient. 

Her barebones allegations--that Liberty “specifically 
represented to Plaintiff the insurance coverage at 
issue would provide $ 40,000.00 for perils listed as 
covered within the policy,” Complaint (doc. no. 1-1) at 

3, and that Liberty did not cover her claim--fall far 
short of what is required to plead a viable fraud claim 
under Rule 9(b). Some additional detail about exactly 
what was said and what made it misleading is necessary. 
Furthermore, even if Rivers does not know the name of 

the Liberty employee with whom she spoke or where that 
employee was located when she spoke to him or her, she 
must still must attempt to address those issues in the 
complaint and explain why she does not have all of the 

required information if she does not have it. See 
Morrow, 360 F. Supp. 2d at 1250–51 (“In those cases 
where the defendant controls information required for 
proper pleading, the complaint must still adduce 

specific facts supporting a strong inference of fraud 
or it will not satisfy even a relaxed pleading standard 
and it must also allege that the necessary information 

lies within the defendant's control, and then 
allegations must be accompanied by a statement of facts 
upon which allegations are based.” (internal quotation 
marks and citation omitted)). Because the complaint 

lacks specific facts supporting a strong inference of 
fraud, the claim will be dismissed.* 

 * In the motion to dismiss, Liberty also argues that 
 However, because Rivers has moved the court for 
permission to amend her complaint, see Response to 

Motion to Dismiss (doc. no. 12) at 5, the court will 
grant her an opportunity to file an amended complaint. 
See Fed. R. Civ. P. 15(a) (stating that amendments 
“shall be freely allowed when justice so requires”). 

 B. Negligent or Wanton Hiring, 
 Supervision, or Supervision 
 In Count II, Rivers brings a claim for negligent or 
wanton hiring, supervision, or training of the 
employees with whom she had dealings at Liberty. 

the misrepresentation claim must fail because it is 
impermissibly based on a contractual promise. As the 
court is dismissing the claim, it need not resolve this 
argument at this time. Nevertheless, the court notes 
the following. While Liberty is correct that, under 
Alabama law, a “mere breach of a contractual provision 
is not sufficient to support a charge of fraud,” 
Brown-Marx Assocs., Ltd. v. Emigrant Savs. Bank, 703 
F.2d 1361, 1370–71 (11th Cir. 1983), it may be possible 
under Alabama law to assert both a breach-of-contract 
claim and “a fraud claim that stem[] from the same 
general facts,” but “the fraud claim must be based on 
representations independent from the promises in the 
contract and must independently satisfy the elements of 
fraud.” Dickinson v. Land Developers Constr. Co., 882 
So. 2d 291, 304 (Ala. 2003) (Houston, J., concurring). 
Liberty argues that this claim must fail because it is 
insufficiently pleaded under the Twombly/Iqbal 

standard. The court agrees. 
 As the parties agree, “[t]o support a claim of 
negligent supervision [or training], the plaintiff must 
demonstrate that (1) the employee committed a tort 

recognized under Alabama law, Stevenson v. Precision 
Standard, Inc., 762 So. 2d 820, 824 (Ala. 1999), (2) 
the employer had actual notice of this conduct or would 
have gained such notice if it exercised ‘due and proper 

diligence,’ Armstrong Bus. Servs. v. AmSouth Bank, 817 
So. 2d 665, 682 (Ala. 2001), and (3) the employer 
failed to respond to this notice adequately. Id.” 

Edwards v. Hyundai Motor Mfg. Alabama, LLC, 603 F. 
Supp. 2d 1336, 1357 (M.D. Ala. 2009) (Thompson, J.). 
The elements for negligent hiring or retention are 
largely the same. See Jones Exp., Inc. v. Jackson, 86 

So. 3d 298, 305 (Ala. 2010) (discussing elements). For 
wanton hiring, training or supervision, the plaintiff 
would have to show the defendant acted with more than 
the absence of reasonable care. Wantonness is “the 
conscious doing of some act or the omission of some 

duty, while knowing of the existing conditions and 
being conscious that, from doing or omitting to do an 
act, injury will likely or probably result.” Pritchett 
v. ICN Med. All., Inc., 938 So. 2d 933, 941 (Ala. 2006) 

(quoting Alfa Mut. Ins. Co. v. Roush, 723 So. 2d 1250, 
1256 (Ala. 1998)). 
 The allegations of the complaint are plainly 
insufficient to state a plausible claim of negligent or 

wanton hiring, supervision, or training. See Iqbal, 
556 U.S. at 678. For as discussed in other parts of 
the opinion, the complaint does not plausibly plead 

that Liberty’s employee committed a tort in denying 
Rivers’s claim. Accordingly, this claim will be 
dismissed with leave to amend. 

 C. Negligence or Wantonness 
 In Count III, Rivers claims that Liberty handled 
her insurance claim negligently or wantonly. Liberty 
moves to dismiss the claim on the ground that Alabama 
law does not recognize such a claim. The Alabama 

Supreme Court “has consistently refused to recognize a 
cause of action for the negligent handling of insurance 
claims, and it will not recognize a cause of action for 
alleged wanton handling of insurance claims.” Kervin 

v. S. Guar. Ins. Co., 667 So. 2d 704, 706 (Ala. 1995). 
Rivers apparently recognized the problem with this 
claim: In her response to the motion to dismiss, she 
contended that the motion should be denied as to other 

challenged claims--Counts I, II, and V--but said 
nothing about this one, Count III. This claim will be 
dismissed with prejudice. 

 D. Bad Faith 
 In Count V, Rivers claims that Liberty refused to 
pay her claim in bad faith. Liberty argues that the 

bad-faith claim should be dismissed because Rivers has 
failed to plead a plausible claim. This claim too will 
be dismissed with leave to amend. 
 “[T]he tort of bad-faith refusal to pay a claim has 
four elements--(a) a breach of insurance contract, (b) 

the refusal to pay claim, (c) the absence of arguable 
reason, (d) the insurer's knowledge of such 
absence--with a conditional fifth element: ‘(e) if the 
intentional failure to determine the existence of a 

lawful basis is relied upon, the plaintiff must prove 
the insurer's intentional failure to determine whether 
there is a legitimate or arguable reason to refuse to 
pay the claim.’” State Farm Fire & Cas. Co. v. 

Brechbill, 144 So. 3d 248, 258 (Ala. 2013) (quoting 
National Sec. Fire & Cas. Co. v. Bowen, 417 So. 2d 179, 
183 (Ala. 1982)). To survive the motion to dismiss, 

Rivers must have pleaded sufficient non-conclusory, 
factual allegations to make it plausible that she will 
be able to prove her claim. 
 This she has not done. Her complaint states that 

Liberty “randomly and unilaterally denied Plaintiff 
coverage and has not properly investigated” but 
provides no description of the course of events that 
occurred after she submitted her claim that led her to 
conclude that Liberty did not investigate her claim 

properly. “Conclusory allegations are those that 
express ‘a factual inference without stating the 
underlying facts on which the inference is based.’” 
Sanders v. Boutwell, 426 F. Supp. 3d 1235, 1240, 2019 

WL 6331206 (M.D. Ala. 2019) (Thompson, J.) (quoting 
Conclusory, Black's Law Dictionary (11th ed. 2019)). 
These allegations meet that definition. To move 
forward with this claim, she must provide more detailed 

factual allegations showing that it is plausible that 
she could prove a claim. This is not a high burden, 
but it requires more than the court is presented with 

here. 
 *** 
 A separate order granting the motion to dismiss 
will be entered. Counts I (misrepresentation), II 

(negligent or wanton hiring, training, or supervision), 
and V (bad faith) of the complaint will be dismissed 
without prejudice, and with leave to amend. Count III 
(negligence and wantonness) will be dismissed with 
prejudice. And Count IV (breach of contract) will 

remain pending 
 DONE, this the 2nd day of November, 2020. 
 /s/ Myron H. Thompson 
 UNITED STATES DISTRICT JUDGE