**CAHILL v. LONG TRANSP. CO. et al. (KNOTTS et al., Third-Party Defendants) (two cases).**

**Civ. Nos. 24282, 24283.**

District Court, N. D. Ohio, E. D.

Feb. 25, 1948.

Beery, Underwood, Ryder & Kroeger, of Akron, Ohio, for plaintiffs.

McConnell, Blackmore, Cory & Burke, of Cleveland, Ohio (Burns Weston, of Cleveland, Ohio, of counsel), for defendants Long Transportation Co. and L. K. Black.

James Olds, of Akron, Ohio, for defendants Knotts.

WILKIN, District Judge.

This case comes on for hearing on the motion of third-party defendants for an order vacating the former order of this court which permitted Edgar Clay Knotts and Harley Knotts to be made third-party defendants, or to dismiss the third-party defendants, or for a judgment on the pleadings in favor of the third-party defendants. The case was originally instituted in the common pleas court of Medina County, Ohio against the defendants Long Transportation Company and L. K. Black, both non-residents of this state. Because of the diversity of citizenship the case was removed to this court. The defendants were then granted leave by this court to file a third-party complaint against Edgar

54

Clay Knotts and Harley Knotts as third-party defendants. The third-party plaintiffs, Long Transportation Company and Black, "claim that they are in no way responsible to the plaintiff; that it is the third-party defendants alone who are liable to plaintiff for the injuries he sustained."

The interpleading of the third-party defendants, the Knotts, places residents of Ohio on both sides of the case and thereby destroys the basis of this court's jurisdiction. Friend v. Middle Atlantic Transportation Co., 2 Cir., 153 F.2d 778; City of Indianapolis et al. v. Chase National Bank, Trustee, et al., 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.Ed. 47. If the third-party plaintiffs, the Transportation Company and Black, wish to retain the third-party defendants in the case and have the claim of the plaintiff tried as against them and the Knotts, they must consent to have it tried in the state courts. If the third-party plaintiffs, the Transportation Company and Black, wish to have the case remain in this court, then they must consent to have the case tried against them without the Knotts.

The order of this court will be that unless within 10 days the third-party complaint be dismissed by the Long Transportation Company and L. K. Black, the case will be remanded to the common pleas court of Medina County.

Rule 82 provides that the Rules of Civil Procedure 28 U.S.C.A. following section 723c, do not extend the jurisdiction of the U. S. District Courts.