484

## SOUTHWEST LIME CO. v. LINDLEY et al.
### Civ. 199.

United States District Court
W. D. Arkansas, Fayetteville Division.
June 2, 1952.

Greenhaw & Greenhaw, Atkinson & Atkinson, Fayetteville, Ark., for Southwest Lime Co.

Tom Pearson, Fayetteville, Ark., Axtell, Jost & Conway, Kansas City, Mo., for Quisenberry Mills, Inc.

JOHN E. MILLER, District Judge.

On June 2, 1952, Quisenberry Mills, Inc., filed motion to dismiss plaintiff's amendment to its complaint asking for alternative relief against it for lack of jurisdiction, alleging that plaintiff and Quisenberry are both citizens of the State of Missouri.

The original claim was filed by Southwest Lime Company against Lester Lindley, Claudine Lindley, F. M. Lindley and Ozark Poultry and Egg, Inc. All defendants except Claudine Lindley filed counterclaim against Southwest Lime Company and asked. that Quisenberry Mills, Inc., be made a party defendant. The prayer of defendants, contained in their answer and counterclaim (improperly styled cross-complaint) is:

"* * * these defendants, have judgment upon this their cross-complaint against said plaintiff and cross defendant for the cancellation of the mortgage and open account involved in this lawsuit and for the additional balance which these defendants may show and prove to the court that said plaintiff and said Quisenberry Mills, Inc., owe them by reason of the breach of their contract as hereinabove stated and for the resulting losses and damages which have been sustained by these defendants and which, in equity and good conscience they should recover from the plaintiff and the defendant, Quisenberry Mills, Inc., * * *."

The counterclaim against plaintiff is a compulsory counterclaim under Rule 13(a) 28 U.S.C.A. and Quisenberry Mills is before the court by virtue of Rule 13(h), which provides:

"When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action."

Jurisdiction as to Quisenberry was proper, there being complete diversity between defendants, citizens of Arkansas, and Quisenberry, a citizen of Missouri, with more than $3,000.00 involved in the counterclaim, and the court by opinion heretofore filed sustained the service of process and held that it had jurisdiction over the person of Quisenberry.

Quisenberry was not brought in under Rule 14, Third Party Practice, which authorizes a claim against a third party defendant "who is or may be liable to him (defendant and third party plaintiff) for all or part of the plaintiff's claim against him." The claim asserted here by the defendants against plaintiff and Quisenberry is not limited to all or part of the plaintiff's claim against defendants in the original action.

Therefore, in as much as plaintiff and Quisenberry are co-defendants as to the counterclaim of the original defendants, the amendment to the complaint asking for alternative relief against Quisenberry, filed by plaintiff on February 13, 1952, is actually a cross-claim against a co-party under Rule 13(g). The designation of Quisenberry as a third party defendant in that pleading and elsewhere in the file is improper, since, as above stated, Quisenberry is not before the court under the third party practice authorized by Rule 14. Rule 13(g) provides:

"A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

As to the jurisdiction of the court over cross-claims, Vol. 3, Moore's Federal Practice, Sec. 13.36, p. 97, provides:

"Cross-claims, like all cross-bills, and like compulsory counterclaims are considered as auxiliary or ancillary to the principal claim to which they are related, and the jurisdiction which supports that claim will support the cross-claim, at least where the original action was not brought collusively to give the federal court jurisdiction over the cross-claim. It would follow that the cross-claim need not itself involve the jurisdictional sum necessary to support an original action in the district court; and that no venue objection could be raised thereto, since venue provisions normally relate to the institution of suit."

Thus, even though plaintiff, Southwest Lime, and its co-defendant on the counter-

486

claim, Quisenberry Mills, are both citizens of the State of Missouri, the court nevertheless has jurisdiction of the cross-claim, since it is ancillary.

▮ If this case presented the situation of a third party defendant under Rule 14, and the assertion of a claim by the original plaintiff against the third party defendant, then independent jurisdictional grounds to support that claim would be necessary. As stated in Vol. 3, Moore's Federal Practice, Sec. 14.27, at page 502:

"The Rule still permits a plaintiff to assert a claim against a third party who has been brought in on an allegation of liability to the defendant, if the plaintiff's claim arises out of the same transaction or occurrence as his original claim against the defendant. But under the decisions just discussed, independent grounds of jurisdiction are required, and such a claim cannot be regarded as ancillary to the original claim."

However, as stated above, this is not the situation. Quisenberry is before the court under Rule 13(h), and the cross-claim by plaintiff against it is ancillary and supported by the jurisdiction of the court over the original claim and the counterclaim.

The motion to dismiss filed by Quisenberry Mills, Inc., should be overruled and an order to that effect is being entered.