### WELDER
### v.
### WASHINGTON TEMPERANCE ASS'N
(Sauer, third party defendant).
#### Civ. No. 778.

United States District Court,
D. Minnesota, Second Division.
July 2, 1954.

Ray G. Moonan, Minneapolis, Minn., for third party defendant in support of motion.

Warren F. Plunkett of Plunkett & Plunkett, Austin, Minn., for plaintiff in opposition thereto.

DONOVAN, District Judge.

This matter is before the Court on the third-party defendant's motion to dismiss the first cause of action in plaintiff's amended complaint.

Plaintiff commenced this action against defendant Washington Temperance Association (herein referred to as association) to recover a $6,500 balance of a judgment against one Herbert H. Hill, on the theory that Hill was in the course of his employment at the time he was driving a motor vehicle owned by the association, which vehicle collided with Sauer's car, causing plaintiff's damage.[1]

The association, by order of Court, impleaded Sauer as a third-party defendant and by third-party complaint made claim for contribution and indemnity on the basis of the alleged negligence of Sauer and then answered plaintiff's complaint putting in issue and denying all material allegations of plaintiff, except the collision of the cars.[2]

The third-party defendant Sauer answered, alleging that plaintiff and said Sauer were both residents of Minnesota

---

1. The original complaint, in addition to pleading jurisdictional facts, further alleged:

   "That on August 3, 1952, at approximately 1:40 o'clock P. M., said Herbert H. Hill collided with a vehicle owned and operated by said Plaintiff at the intersection of U. S. highway # 16 and State highway # 22, which highways are located in the State of Minnesota; said collision causing serious and permanent injuries to said Plaintiff.

   "That said Plaintiff commenced an action against Herbert H. Hill to recover damages for the injuries which he received as a result of the aforementioned collision, and on June 5, 1953, the United States District Court for the District of Minnesota, Second Division, rendered a verdict against said Herbert H. Hill in favor of the Plaintiff herein in the amount of $18,500.00.

   "That said verdict was entered on the judgment rolls of said District Court as a judgment on the fifth day of June, 1953, and that to date $12,000.00 has been paid in partial satisfaction of that judgment, leaving a balance of $6,500.00, plus interest from and after June 5, 1953, at the rate of six per cent per annum, due on said judgment.

   "That the Defendant herein is liable for the balance due on said judgment under the doctrine of respondeat superior."

2. "Defendant denies that it is liable for the balance due on the judgment referred

and otherwise denied all material allegations of plaintiff's and association's complaints.

The first cause of action in plaintiff's amended complaint is for all purposes a new cause of action commenced by plaintiff against Sauer. The file lacks supporting affidavits by Sauer relative to his domicile, but this lack of support is aided by plaintiff's failure to allege diversity of citizenship as to Sauer in said complant.

In my opinion the plaintiff attempts to extend the jurisdiction of the Court in the unusual procedure adopted by him.

 The interpleading of the third party defendant, broadened by the plaintiff's amended complaint, placed residents of Minnesota on both sides of the case, thereby destroying the basis of this Court's jurisdiction.[3]

Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A., was intended to avoid delay and multiplicity of actions and should be liberally construed, but not to the extent of permitting such construction to extend the jurisdiction of the Court. What plaintiff proposed to accomplish by his amended complaint was in effect to substitute another cause of action for that originally commenced by him. This he cannot do.[4]

For the reasons stated, the third party's motion to dismiss must be and the same is granted.

It is so ordered.

Plaintiff may have an exception.

---

to in the complaint under the doctrine of respondeat superior.

"The defendant alleges that the judgment referred to in the complaint is res judicata to the issues herein and a bar to plaintiff's alleged cause of action.

"The defendant alleges that the plaintiff had an election as to whether he should bring action for his alleged injuries against one Herbert H. Hill or against the defendant herein, or both of them, and having exercised his election to bring said action against said Herbert H. Hill, is bound thereby and barred from bringing an action against the defendant herein.

"That the accident which gave rise to the judgment referred to in the complaint was caused by the negligence of one Verne Sauer."

3. Moore's Federal Practice, Second Edition, Vol. 3, § 14.27, p. 500; Liverseed v. Mariani, D.C.Minn., 12 F.R.D. 69; Southwest Lime Co. v. Lindley, D.C.Ark., 12 F.R.D. 484, 486; Worcester etc. v. Clover Stores Corp., D.C.N.Y., 11 F.R.D. 334; Cahill v. Long Transp. Co., D.C. Ohio, 8 F.R.D. 53.

4. Baltimore & O. R. Co. v. Saunders, 4 Cir., 159 F.2d 481.