**Margaret JERIDO, Plaintiff,**

v.

**AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE CO., et al., Defendants.**

No. Civ.A. 00–A–1588E.

United States District Court,
M.D. Alabama,
Eastern Division.

Jan. 4, 2001.

Jere L. Beasley, Wilson Daniel Miles, III, C. Gibson Vance, Beasley, Allen, Crow, Methvin, Portis & Miles, PC, Montgomery, AL, Darron C. Hendley, Cooper & Cooper, Montgomery, AL, for Margaret Jerido, plaintiff.

Lee E. Bains, Jr., Jeffrey M. Grantham, John Albert Smyth, III, David P. Donahue, Maynard, Cooper & Gale, P.C., Birmingham, AL, for American General Life and Accident Insurance Company, defendant.

### *MEMORANDUM OPINION AND ORDER*

ALBRITTON, Chief Judge.

### I. *FACTS AND PROCEDURAL HISTORY*

This cause is before the court on a Motion to Dismiss or, in the Alternative, Motion for More Definite Statement, filed by American General Life and Accident Insurance Company ("American General") on November 15, 2000 (Doc. # 3); a Motion to Stay Defendants' Motion to Dismiss, filed by the Plaintiff, Margaret Jerido, ("Plaintiff") on December 1, 2000 (Doc. # 5); a Motion to Remand filed by the Plaintiff on December 1, 2000 (Doc. # 7); a Motion to Defer Ruling on Plaintiff's Remand Motion Pending Discovery on Jurisdictional Issues filed on December 7, 2000 (Doc. # 11); and a Motion for Extension of Time (Doc. # 12).

The Plaintiff originally filed a Complaint in this case in the Circuit Court of Macon County, Alabama, on October 12, 2000. The Complaint asserts claims against American General and Ralph Harris.

American General removed the case to this court on November 15, 2000, stating that diversity jurisdiction exists because, although a resident agent had been named as a Defendant, that agent was deceased at the time that the Complaint was filed. American General then filed a Motion to Dismiss, or in the Alternative, for More Definite Statement as to claims brought against American General and Ralph Harris. On December 1, 2000, the Plaintiff filed a First Amendment to the Complaint, a Motion to Stay, and a Motion to Remand. The First Amendment to the Complaint states in its entirety

Plaintiff specifically realleges all allegations of the original complaint, filed with this Macon County Circuit Court on October 12, 2000, as set out here in full. Plaintiff herein amend her complaint by substituting Defendant Charlie Harper to replace Ralph Harris.

Plaintiff's First Amendment to Complaint, document # 6.

### II. *STANDARD FOR MOTION TO REMAND*

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

### III. *DISCUSSION*

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *See id.* To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge*

*v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

Although the Plaintiff in this case filed the First Amendment to the Complaint before a responsive pleading was filed, this court has previously concluded that the better reasoned approach is to apply 28 U.S.C. § 1447(e) to determine whether an amendment to the complaint should be allowed, defeating diversity jurisdiction, or whether the amendment should be stricken. *See Bevels v. American States Ins. Co.,* 100 F.Supp.2d 1309 (M.D.Ala.2000). The court will again follow that approach in this case.

■ Under 28 U.S.C. § 1447(e), "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the·State court." When a Plaintiff seeks to amend a complaint to join defendants who will destroy diversity jurisdiction, the court applies several factors, derived from the Fifth Circuit's decision in *Hensgens v. Deere and Co.,* 833 F.2d 1179, 1182 (5th Cir.1987), *cert. denied,* 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989)[1], to determine whether the court will exercise its discretion under 28 U.S.C. § 1447(e) to disallow the amendment, or to allow the amendment and remand the case. Those factors are as follows: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. *Hensgens,* 833 F.2d at 1182; *see also Sexton v. G & K Services, Inc.,* 51 F.Supp.2d 1311 (M.D.Ala.1999).

The Plaintiff has offered this court no explanation as to why she seeks to add the individual she has named in her First Amendment to her Complaint. In the absence of any explanation from the Plaintiff, American General offers its own interpretation that the Plaintiff seeks to add this individual to destroy federal jurisdiction.

The first *Hensgens* factor is the extent to which the purpose of the amendment is to defeat federal jurisdiction. The Plaintiff seeks to add a new individual defendant without identifying that person in any manner, and without making any allegations against that person by name in the body of the Complaint. This case is not unlike the decision of this court wherein the court had occasion to note that the plaintiff seemed more concerned with finding a resident employee to sue, than with finding out who was responsible for any alleged wrongs. *See Sexton v. G & K Services, Inc.,* 51 F.Supp.2d 1311, 1314 (M.D.Ala.1999). The court finds, therefore, that the first factor weighs against allowing the Plaintiff's amendment to the Complaint to defeat diversity jurisdiction.

The second *Hensgens* factor is whether the plaintiff has been dilatory in asking for the amendment. With no explanation from the Plaintiff as to why the Plaintiff waited until December 1, 2000 to name this individual defendant, the court has no choice but to find that this factor weighs against allowing the Plaintiff's amendment. In addition, the timing of the amendment, coming simultaneously with the Motion to Remand and after removal, also lends support to the finding that the primary purpose of the amendment is to defeat federal jurisdiction.

■ The third *Hensgens* factor is whether the Plaintiff will be significantly injured if the amendment is not allowed. In analyzing this factor, this court generally determines whether a plaintiff can be afforded complete relief in the absence of the amendment. *See e.g., Sexton v. G&K Services, Inc.,* 51 F.Supp.2d 1311, 1314 (M.D.Ala.1999). In this case, the Plaintiff

---

1.  Although *Hensgens* pre-dates the enactment of § 1447(e), its analysis is still relevant. *See*

*Jarriel v. General Motors Corp.,* 835 F.Supp. 639 (N.D.Ga.1993).

has apparently attempted to sue an individual agent of American General, although the individual is not identified as such in the First Amendment to the Complaint. The absence of such an individual defendant will not prevent the Plaintiff from obtaining full relief. In addition, the individual defendant would not be considered to be an indispensable party since the Federal Rules of Civil Procedure does not require joinder of principal and agent. *See Depriest v. BASF Wyandotte Corp.*, 119 F.R.D. 639, 640 (M.D.La.1988). This third factor, therefore, also weighs against allowing the amendment to defeat diversity jurisdiction.

The court's final step·in the *Hensgens* analysis is to consider any other factors bearing on the equities. In balancing the equities, the parties are not on equal footing, and the court should give consideration to the Defendant's right to choose the federal forum. *See Hensgens*, 833 F.2d at 1181. Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to federal court when there is diversity. Balancing all of the equities in this case, the court concludes that the First Amendment to the Complaint is due to be stricken.

■ Since it is apparently conceded that Ralph Harris was deceased at the time the Complaint was filed, Ralph Harris has been fraudulently joined, there being no possibility the plaintiff could establish a cause of action against the resident defendant in state court. *See Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir.1998). The Motion to Remand is, therefore, due to be DENIED and the Motion to Dismiss is due to be GRANTED as to the claims against Ralph Harris.

### IV. *CONCLUSION*

For the reasons discussed, it is hereby ORDERED as follows:

1. The First Amendment to the Complaint (Doc. # 6) is STRICKEN.

2. The Motion to Dismiss or, in the Alternative, for More Definite Statement (Doc. # 3) is GRANTED as to the claims against Ralph Harris and is DENIED in all other respects. Ralph Harris is DISMISSED as a Defendant.

3. The Motion to Stay (Doc. # 5) is DENIED.

4. The Motion to Remand (Doc. # 7) is DENIED.

5. The Motion to Defer Ruling on the Plaintiff's Remand Motion (Doc. # 11) is DENIED.

6. The Motion to Extend Time is DENIED (Doc. # 12) as moot.