**TOWN OF GORDON, A Municipal Corporation, Plaintiff,**

v.

**GREAT AMERICAN INSURANCE COMPANY, INC., A Corporation Defendant and Third–Party Plaintiff,**

v.

**McDonald Construction Co., Inc., Third–Party Defendant.**

**No. CIV.A. 1:04CV611–A.**

United States District Court,
M.D. Alabama,
Southern Division.

Aug. 18, 2004.

Ernest H. Hornsby, Farmer, Price, Hornsby & Weatherford, Dothan, AL, for Town of Gordon, a municipal corporation, Plaintiff.

Joel Scott Dickens, Starnes & Atchison, Thomas Lawson Selden, Starnes & Atchison, Birmingham, AL, for Great American Insurance Company, Inc., a corporation, Defendant.

## MEMORANDUM OPINION

ALBRITTON, Senior District Judge.

### I. INTRODUCTION

This cause is before the court on a Motion for Leave to File Amended Complaint (Doc. # 7) and a Motion to Remand (Doc. # 8), both filed by Plaintiff, the Town of Gordon, on July 19, 2004. The Plaintiff originally filed a Complaint in this case in the Circuit Court of Houston County, Alabama, on May 10, 2004. In the original Complaint, the Plaintiff brings a breach of contract claim against Defendant Great American Insurance Company, Incorporated ("Great American").

Great American filed a Notice of Removal on June 22, 2004, stating that this court has diversity jurisdiction over the case. On July 13, 2004, Defendant Great American filed a Third–Party Complaint against McDonald Construction Company, Incorporated ("McDonald"). On July 19, 2004, the Plaintiff filed a Motion for Leave of Court to File Amended Complaint reasserting its existing breach of contract claim against Great American (Count I) and adding breach of contract (Count II) and breach of warranty (Count III) claims against McDonald, the third-party defendant. The Plaintiff also filed a Motion to Remand on July 19, 2004 arguing that complete diversity is lacking because its amended complaint asserts claims against a third-party defendant who is nondiverse.

For reasons to be discussed, the Motion for Leave of Court to File Amended Complaint and Motion to Remand are due to be Granted.

### II. MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (1994); Wymbs v. Republican State Executive Comm., 719 F.2d 1072, 1076 (11th Cir.1983), cert. denied, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See Kokkonen, 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. See Burns, 31 F.3d at 1095.

### III. FACTS

The facts, as they pertain to the Motion for Leave of Court to File Amended Com-

plaint and Motion to Remand, are alleged are as follows:

Plaintiff, the Town of Gordon, a municipal corporation in the State of Alabama, alleges that Defendant, Great American, an Ohio corporation, breached its bonding contract with Plaintiff. On May 10, 2001, Plaintiff and contractor Weed Contracting Company, Incorporated ("Weed"), entered into a contract in which Weed agreed to furnish all labor, materials, services and equipment necessary for the construction of a sanitary sewer system for the Plaintiff for the sum of $1,383,093.48. Compl. ¶ 7. On May 10, 2002, Weed executed and delivered to Plaintiff a Performance Bond and a Payment Bond underwritten by Great American, by which Great American guaranteed the timely and complete performance, and payments to subcontractors and materialmen, of Weed for the project, and guaranteed the work of Weed under the warranty provisions of the bonds. *Id.* ¶ 8. Thereafter, Weed commenced work on the project but abandoned the project and is now under debtor's protection in bankruptcy proceedings. Despite Plaintiff notifying Great American of Weed's failure to complete performance of its contract multiple times, Great American has failed to respond or complete performance of the contract as required by the terms of its Performance Bond. *Id.* ¶¶ 10–11.

On July 13, 2004, Defendant Great American impleaded subcontractor McDonald, a company incorporated in Alabama with its principal place of business in Union Springs, Alabama. Defendant's Third–Party Compl. ¶ 2 (Doc. # 4). Great American alleged that prior to the issuance of the Performance Bond, Weed executed an Agreement of Indemnity whereby Weed assigned to Great American all of its rights and claims relative to Weed's subcontract with McDonald, including all claims relative to work that McDonald performed under any subcon-

tract between McDonald and contractor Weed. *Id.* ¶ 4.

On July 19, 2004, the Town of Gordon filed a motion to amend its complaint to assert breach of contract and breach of warranty claims against subcontractor McDonald relating to the allegedly unfinished work on the sewer system. On the same day, Plaintiff filed a motion to remand based on the lack of complete diversity found in its Amended Complaint.

## IV. DISCUSSION

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *Id.*

■ Under 28 U.S.C. § 1447(e), after a case has been properly removed to federal court, if a plaintiff seeks to amend the complaint in a way that would destroy jurisdiction, the court has discretion to deny the amendment and maintain jurisdiction, or grant the amendment and remand the case to state court. The court cannot allow an amendment that destroys federal jurisdiction and continue to exercise jurisdiction over the case. *See Ingram v. CSX*, 146 F.3d 858, 862 (11th Cir.1998).

■ When a defendant brings a new party into a case by way of a third-party complaint against the new party, a plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. FED. R. CIV. P. 14. Courts addressing the issue have held, with almost complete uniformity, that an amendment of a plaintiff's complaint so as

to assert a claim against a third-party defendant, where the plaintiff and the third-party defendant have a common citizenship, destroys the court's jurisdiction. *See Williams v. Conseco, Inc.,* 57 F.Supp.2d 1311, 1315–16 (S.D.Ala.1999) (citing *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978)); *see also* M.O. Regensteiner, Annotation, *Federal court's jurisdiction as affected by common citizenship of third–party defendants with either or both of original parties,* 1954 WL 9270, 37 A.L.R.2d 1411 (1954) (citing *Welder v. Washington Temperance Ass'n,* 16 F.R.D. 18, 20 (D.Minn.1954); *Southwest Lime Co. v. Lindley,* 12 F.R.D. 484, 486 (D.C.Ark. 1952) (dictum); *Habina v. M a Henry Co.,* 8 F.R.D. 52, 52 (S.D.N.Y.1948) (recognizing rule); *Kelly v. Pennsylvania R.R. Co.,* 7 F.R.D. 524, 526 (D.C.Pa.1948) (dictum); *Moncrief v. Pennsylvania R.R. Co.,* 73 F.Supp. 815, 815–16 (D.C.Pa.1947); *Pearce v. Pennsylvania R.R. Co.,* 7 F.R.D. 420, 423–24 (D.C.Pa.1946), *aff'd,* 162 F.2d 524 (3d Cir.1947), *cert. denied,* 332 U.S. 765, 68 S.Ct. 71, 92 L.Ed. 350 (1947) (dictum)).

The Town of Gordon's claims against McDonald meet Federal Rule of Civil Procedure Rule 14 requirements because the claims against McDonald, the third-party defendant, and Great American, the original defendant, all originate from the same allegedly unfinished sanitary sewage system. Defendant Great American opposes the inclusion of Plaintiff's claims against the third-party defendant McDonald based on the argument that Plaintiff has improperly added a nondiverse defendant after removal for the purposes of defeating diversity.

Both parties argue the motion to amend using the *Hensgens v. Deere and Company* factors,[1] which apply when a plaintiff seeks to amend a complaint to join a new defendant who will destroy diversity jurisdiction. *See* 833 F.2d 1179, 1182 (5th Cir. 1987), *cert. denied,* 493 U.S. 851, 110 S.Ct. 150. The court declines to apply the *Hensgens* factors under these facts because the issue is not so much the joinder of a wholly new party by Plaintiff, but rather the amendment of Plaintiff's Complaint to assert claims against an existing third-party defendant, brought into the case by the original Defendant.

*Hensgens* itself states that the analysis is to be applied when a new nondiverse defendant is to be added. *Id.* Further, because Plaintiff's additional claims are against an existing third-party defendant impleaded by Great American, this case is less dubitable than cases in which the plaintiffs seek to add a completely new defendant, which could implicate a more circumspect review by the court. *See Sexton v. G & K Services, Inc.,* 51 F.Supp.2d 1311, 1313 (M.D.Ala.1999) (finding that "[t]he district court, when faced with an amended pleading naming a *new* nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." (emphasis added)); *see also Smith v. White Consol. Indus., Inc.,* 229 F.Supp.2d 1275, 1277 (N.D.Ala.2002); *Jerido v. American Gen. Life & Accident Ins. Co.,* 127 F.Supp.2d 1322, 1324 (M.D.Ala.2001).

■ Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to

---

**1.** The Fifth Circuit, in *Hensgens,* offered four factors for district courts "when faced with an amended pleading naming a new nondiverse defendant in a removed case": (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and, (4) any other factors bearing on the equities. *See* 833 F.2d 1179, 1182 (5th Cir.1987), *cert. denied,* 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989).

amend "should be freely given when justice so requires." This court is satisfied that the aim of Plaintiff's amendment was directed more toward the inclusion of proper claims after Great American added a third-party defendant, rather than to the exclusion of federal jurisdiction by the introduction of a completely new nondiverse defendant.[2] As such, in the exercise of this court's discretion, Plaintiff's Motion for Leave of Court to File Amended Complaint is due to be Granted. In granting Plaintiff's motion to amend its complaint, complete diversity is now destroyed, and therefore the Motion to Remand is also due to be Granted.

## V. CONCLUSION

For the reasons discussed, the Motion for Leave of Court to File Amended Complaint (Doc. # 7) and the Motion to Remand (Doc. # 8) are due to be Granted. A separate order will be entered in accordance with this Memorandum Opinion.

### ORDER

In accordance with the Memorandum Opinion entered on this day, it is ORDERED as follows:

(1) The Plaintiff's Motion for Leave of Court to File Amended Complaint (Doc. # 7) is GRANTED.

(2) The Plaintiff's Motion to Remand (Doc. # ) is GRANTED and this cause is hereby REMANDED to the Circuit Court of Houston County, Alabama.

(3) The clerk is DIRECTED to take all steps necessary to effect this remand.

---

**2.** Even if the *Hensgens* factors are the appropriate analysis, the court would reach the same result for this reason.